UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| WILLIAM GLENN SMITH, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3: 08-25-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF KENTUCKY, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner William Glenn Smith is currently confined at the Northpoint Training Center located in Burgin, Kentucky. He has filed a *pro se* Petition for a Declaration of Rights, pursuant to Rule 57 of the Federal Rules of Civil Procedure and Title 28 of the United States Code, Sections 2201-2202.[1] The Court has construed Smith's Petition for a Declaration of Rights as a complaint initiating a civil action. This matter is now before the Court for initial screening. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[2] For the reasons discussed below, this action will be dismissed.

---

[1]   The Court has granted Smith's motion to proceed *in forma pauperis* by separate Order.

[2]   This is a *pro se* complaint and is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a *pro se* complaint must be taken as true and construed in favor of the *pro se* litigant. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, 28 U.S.C. § 1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

**I.     BACKGROUND**

In 1989, Smith was found guilty by a Ballard County jury of first degree rape and first degree sodomy. He was sentenced to two consecutive terms of life in prison.[3] Smith has filed numerous lawsuits challenging his conviction and sentence since he was found guilty of these charges. In 1997, the Ballard Circuit Court noted that:

> It would appear that Defendant, in the presentation of his claims for post conviction relief, has not left one stone unturned in the plethora of possibilities, the presentation of all or any of which could potentially result in the relief sought by Defendant. The Court cannot envision any other possible claimed defect in the Defendant's trial/conviction proceedings which has not already been mentioned in Defendant's pending motions.

*See Commonwealth v. Smith*, Ballard Circuit Court Case No. 88-CR-037 (July 16, 1997). Nevertheless, the trial court addressed the merits of Smith's motions and ruled against him on all issues.

Since 1997, Smith has continued to challenge his conviction and sentence. On January 11, 1999, Smith filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Western District of Kentucky, at Paducah. *See Smith v. Morgan*, 5:99-CV-009-TBR. However, that court denied his claims and dismissed the action on August 20, 2001. The Sixth Circuit denied a certificate of appealability on July 25, 2002, and the Supreme Court denied his Petition for a Writ of Certiorari on October 28, 2002.

---

[3]     Smith was originally sentenced to two consecutive twenty-five year terms but the Kentucky Supreme Court vacated the sentence and remanded to the trial court for re-sentencing. *See William Glenn Smith v. Commonwealth of Kentucky*, 806 S.W.2d 647 (Ky. 1991) (overruled by *Benet v. Commonwealth*, 2008 WL 2165951 (Ky. May 22, 2008).

Smith has also challenged his conviction and sentence through various state court proceedings. In particular, Smith filed a motion for belated appeal, which the court denied on January 6, 2006. Smith appealed the decision to the Court of Appeals of Kentucky. However, the court of appeals determined that his notice of appeal was untimely. *Smith v. Commonwealth*, No. 2006-CA-037. The Supreme Court of Kentucky denied discretionary review on April 16, 2008.

On May 27, 2008, Smith filed this action seeking a declaration of rights. Through this action, Smith alleges that the Kentucky Court of Appeals erred in dismissing his appeal. In particular, he claims that the dismissal violated his due process rights. Specifically, Smith has moved the Court to declare "whether or not [he] has been denied due process under the law, and the right of Appeal, in violation of the First, Sixth, and Fourteenth Amendment Rights to the United States Constitution" and to "remand this action back to the State Appellate Courts for further consideration . . . [and] an Appellate review of the post-conviction relief sought." [Record No. 2]

## II.   DISCUSSION

As an initial matter, the Court notes that Smith is asking this Court to reverse a decision of the Kentucky Court of Appeals. However, this Court has no authority to reverse the Kentucky Court of Appeals' decision. Notably, under the *Rooker-Feldman* doctrine, a federal district court may not hear an appeal of a case already litigated in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). A party raising a federal question must appeal a state court decision through the

state system and then directly to the Supreme Court of the United States.[4] *See United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Feldman*, 460 U.S. at 476); *Rooker*, 263 U.S. 413. Therefore, because Smith is seeking to have this Court review a decision of the state court, the *Rooker-Feldman* doctrine bars this action.

Additionally, Smith is seeking a declaration of rights under the Declaratory Judgment Act. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Act "confers discretion on courts, not right on litigants" and "the propriety of issuing a declaratory judgment may depend on equitable considerations." *American Home Assurance Co. v. Evans*, 791 F.2d 61, 64 (6th Cir. 1986) (citing *Green v. Mansour*, 474 U.S. 64 (1985)). In deciding whether to exercise jurisdiction over a declaratory judgment action, a court must first determine whether subject matter jurisdiction exists. *See Brotherhood Mutual Insurance Co. v. United Apostolic Lighthouse, Inc.*, 200 F.Supp.2d 689, 691 (E.D. Ky. 2002) (noting that "the Declaratory Judgment Act does not provide for its own subject matter jurisdiction; the plaintiff must establish that the district court has either diversity jurisdiction or federal question jurisdiction before the Court will entertain a declaratory action"). If the Court finds that subject matter jurisdiction does exist, it must then "evaluate whether this case is appropriate for declaratory judgment pursuant to the Declaratory Judgment Act." *Id.* at 692.

---

[4] The United States Supreme Court is the only federal court with jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482.

It is well-settled that district courts have discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Aetna Casualty & Surety Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). Therefore, although this Court may exercise jurisdiction, it is clear that it is "under no compulsion" to do so. *Wilton*, 515 U.S. at 278; *see also* 28 U.S.C. § 2201(a).

The Sixth Circuit has identified several factors that a district court should consider in determining whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act, including,

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Aetna*, 74 F.3d at 687 (quoting *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)). However, this list of factors is not exhaustive. "[T]he Court must make a full inquiry into all relevant considerations." *Brotherhood*, 200 F.Supp.2d at 692. Ultimately, the dispositive inquiries are whether the judgment "will serve a useful purpose in clarifying and settling the legal relationships in issue" and whether it "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Brotherhood*, 200 F.Supp.2d at 692 (citing *Aetna*, 74 F.3d at 687). If "neither of these results

can be accomplished, the court should decline to render the declaration prayed." *Grand Trunk*, 746 F.2d at 326.

Here, the Court finds that it should not exercise discretionary jurisdiction over this case. In particular, if the Court were to exercise jurisdiction over this action, it would increase friction between the federal and state courts and improperly encroach on state jurisdiction. Further, the Court finds that Smith is seeking a declaration of rights from this Court in order to undercut the state court's resolution of his claims. Therefore, the Court will not exercise jurisdiction over this action.

### III. CONCLUSION

Having determined that Smith has failed to state claim upon which habeas relief should be granted, it is hereby

**ORDERED** as follows:

1. Smith's Petition for a Declaration of Rights is **DENIED**;

2. This action is **DISMISSED**, *sua sponte*, from the Court's active docket.

This 27th day of June, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge